**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Hawk Technology Systems, LLC,<br>Plaintiff,<br>v.<br>SugarHouse HSP Gaming, L.P.,<br>Defendant. | Case No.<br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff, HAWK TECHNOLOGY SYSTEMS, LLC ("Hawk"), by and through undersigned counsel, hereby brings suit against SUGARHOUSE HSP GAMING, L.P. ("SugarHouse") and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement of United States Patent No. RE43,462 ('462 Patent), under the patent laws of the United States, including 35 U.S.C. §§271 and 281-285. The '462 Patent is a reissue of United States Patent No. 5,625, 410 (the '410 Patent). The independent claims in the reissued '462 Patent are substantially identical to the corresponding claims in the original '410 Patent.

2. A copy of the '462 Patent is attached hereto as Exhibit A.

**PARTIES**

3. Hawk is a limited liability company organized and existing under the laws of the State of Florida and maintains its principal place of business at 2 South Biscayne Blvd., Suite 3800, Miami, Florida 33131.

4. SugarHouse is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1001 North Delaware Avenue, Philadelphia, PA 19123.

**JURISDICTION AND VENUE**

5. Pursuant to 28 U.S.C. §§ 1331 and 1338(a), this Court has original jurisdiction over the subject matter of this action because this is an action arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*

6. This court has personal jurisdiction over SugarHouse because infringing activity alleged herein took place in the State of Pennsylvania. Further, the exercise of personal jurisdiction comports with Due Process under the United States Constitution.

7. Pursuant to 28 U.S.C. §§ 1391 and 1400(b), venue is proper in this district.

**GENERAL ALLEGATIONS**

8. Hawk Technology Systems was formed in 2012 to commercialize the inventions of its founder, Barry Schwab.

9. Mr. Ken Washino and Mr. Schwab invented what is claimed by the '462 Patent.

10. Mr. Washino and Mr. Schwab have collaborated on a number of other pioneering inventions resulting in patents in the areas of video archiving, video downloading and digital cinema.

11. Mr. Schwab also is a named inventor on more than thirty patents, ranging from consumer products to secure network computing.

12. Hawk is the exclusive owner of all rights, title, and interest in the '462 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement thereof.

13. Hawk became the owner of all rights, title, and interest in the '462 Patent by virtue of an assignment from Multi-Format, Inc., a New Jersey corporation ("MFI").

14. MFI obtained its rights, title, and interest in the '462 Patent by virtue of an assignment from Messrs. Washino and Schwab.

**Claim 12 of the '462 Patent**

15. Claim 12 of the '462 patent states:

> The method of simultaneously displaying and storing multiple video images, comprising the steps of:
>
> receiving video images at a personal computer based system from one or more sources;
>
> digitizing any of the images not already in digital form using an analog-to-digital converter;
>
> displaying at least certain of the digitized images in separate windows on a personal computer based display device, using a first set of temporal and spatial parameters associated with each image in each window;
>
> converting one or more of the video source images into a data storage format using a second set of temporal and spatial parameters associated with each image; and
>
> simultaneously storing the converted images in a storage device.

('462 Patent, Col. 11, line 62 – Col. 12, line 10).

16. SugarHouse infringed Claim 12 of the '462 Patent by employing and operating a Pelco Endura system for video surveillance.

17. A claim chart, attached as Exhibit B, explains how SugarHouse performs each step of method Claim 12.

**COUNT I: DIRECT INFRINGEMENT OF THE '462 PATENT**

18. The allegations contained in paragraphs 1-17 above are hereby re-alleged as if fully set forth herein.

19. Hawk is the owner by assignment of the '462 Patent, with sole rights to enforce the '462 Patent and to sue infringers.

20. Without Hawk's authorization, SugarHouse uses a video storage and display system and/or methods that infringe one or more of the claims in the '462 Patent.

21. Hawk has been damaged by SugarHouse's infringement.

22. For the avoidance of doubt, Hawk only seeks damages which are not barred by the statute of limitations for infringement that occurred prior to the patent expiring on April 29, 2014.

## PRAYER FOR RELIEF

**WHEREFORE,** Hawk respectfully requests the Court:

A. Enter a judgment finding that SugarHouse has directly infringed the '462 Patent.

B. Pursuant to 35 U.S.C. § 284, order SugarHouse to pay damages adequate to compensate for the infringement and including all other damages allowed by 35 U.S.C. §284, but in no event less than a reasonable royalty for the use made of the invention, together with interest and costs;

C. Find this to be an exceptional case of patent infringement under 35 U.S.C. § 285 and award reasonable attorneys' fees, costs, and expenses incurred by Plaintiff in prosecuting this action; and

D. Award such other and further relief as the Court deems just and proper.

## JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 21, 2018

Respectfully submitted,

s/
Christopher Fiore
**FIORE & BARBER, LLC**
418 Main Street, Suite 100
Harleysville, PA 19438
(215) 256-0205
(215) 256-9205 facsimile
cfiore@fiorebarber.com

Gregory J. Myers, MN #287398
(admission *pro hac vice* pending)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900
(612) 339-0981 facsimile
gjmyers@locklaw.com

**ATTORNEYS FOR PLAINTIFF HAWK TECHNOLOGY SYSTEMS, LLC**